# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RONALD JESSE YOUNG, <br><br> Petitioner, <br><br> vs. <br><br> DAN MARX, <br><br> Respondents. | No. C15-2046-LRR <br><br> ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (docket no. 1). The petitioner filed such application on June 15, 2015. The petitioner paid the required $5.00 filing fee.

The instant application makes clear that the petitioner is serving a sentence pursuant to the judgment of the Iowa District Court for Winneshiek County, *see State v. Young*, OWCR015682 (Winneshiek Cnty. Dist. Ct. 2014),[1] and state court records indicate that he is currently challenging it in post-conviction proceedings, *see Young v. State*, No. PCCV129697 (Winneshiek Cnty. Dist. Ct. 201_). An application for a writ of habeas corpus under 28 U.S.C. § 2254 "is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (quoting 28 U.S.C. § 2254(a) and citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)); *cf. Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the [state] prisoner is not challenging the validity of his conviction or the length of his

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). Consequently, the petitioner relied on the wrong statute.

To the extent that the instant application can be construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner did not utilize the form that is typically used by those individuals who are seeking relief under 28 U.S.C. § 2254. Consequently, the court is unable to fully and fairly conduct a preliminary review as Rule 4 of the Rules Governing Section 2254 Cases requires. Moreover, the petitioner acknowledges that he did not rely on a proper means to contest his conviction or sentence because of the requirement to exhaust the remedies that are available in the courts of the State. But, a petitioner must exhaust the remedies that are available in the courts of the State. *See* 28 U.S.C. § 2254(b).

In light of the foregoing, the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 shall be denied without prejudice. The clerk's office shall dismiss without prejudice the instant action. The clerk's office shall send the petitioner the form that is typically utilized by individuals who are seeking relief under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (docket no. 1) is denied without prejudice.

(2) The clerk's office is directed to dismiss without prejudice the instant action.

(3) The clerk's office is directed to send the petitioner the form that is typically utilized by individuals who are seeking relief under 28 U.S.C. § 2254.

**DATED** this 9th day of July, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA